UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBARA LEE AHNER, | No. 2:12-cv-2327 AC |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). Plaintiff's motion for summary judgment and defendant's motion for remand are pending. For the reasons discussed below, the court will grant defendant's motion for remand and will grant in part plaintiff's motion for summary judgment.

PROCEDURAL BACKGROUND

Plaintiff filed an application for SSI on March 16, 2009, alleging disability beginning on January 1, 2006, though this date was later amended to February 25, 2009. Administrative Record ("AR") 136-44, 231. Plaintiff's application was denied initially and again upon reconsideration. AR 94-98, 103-07. On August 24, 2010, a hearing was held before administrative law judge ("ALJ") Jean Kerins. AR 54-85. Plaintiff appeared with attorney

1

representation at the hearing, at which she and a vocational expert, David Dettmer, testified. See id. In a decision dated November 24, 2010, the ALJ issued a decision partially favorable to plaintiff in that the ALJ determined that plaintiff was disabled, but not prior to June 24, 2010. AR 17-32. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant has not engaged in substantial gainful activity since the alleged onset date.
>
> 2. Since the alleged onset date of disability, January 1, 2006, the claimant has had the following severe impairments: chronic kidney disease, history of drug and alcohol abuse, hypertension, and borderline intellectual functioning. Beginning on the established onset date of disability, June 24, 2010, the claimant has had the following severe impairment: end stage renal failure.
>
> 3. Prior to June 24, 2010, the date the claimant became disabled, the claimant did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 4. After careful consideration of the entire record, the undersigned finds that prior to June 24, 2010, the date the claimant became disabled, the claimant had the residual functional capacity to perform light word as defined in 20 CFR 416.967(b) except the claimant could lift 10 pounds frequently and occasionally; stand and/or walk for 2 hours per day; walk up to four hours in an eight-hour day for prolonged distances or on uneven terrain with an assistive device; sit for six hours per eight-hour day; could not climb ladders and/or rope, occasional balancing, stooping, crawling and/or kneeling, avoid moderate exposure to hazards; occasionally climb ramps and/or stairs; and was able to understand simple instructions involving no public contact.
>
> 5. The claimant has no past relevant work.
>
> 6. Prior to the established disability onset date, the claimant was a younger individual age 18-49.
>
> 7. The claimant has a marginal education and is able to communicate in English.
>
> 8. Transferability of job skills is not an issue in this case because the claimant does not have past relevant work.
>
> 9. Prior to June 24, 2010, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed.
>
> 10. Beginning on June 24, 2010, the severity of the claimant's impairment has met the criteria of section 6.02 (entitled Impairment of renal function), CFR Part 404, Subpart P, Appendix 1.

      11.  The claimant is not disabled prior to June 24, 2010, but became disabled on that date and has continued to be disabled through the date of this decision.

      12.  The claimant's substance use disorder is not a contributing factor material to the determination of disability.

AR 17-32.

Plaintiff requested review of the ALJ's decision by the Appeals Council, but the Council denied review on July 11, 2012, leaving the ALJ's decision as the final decision of the Commissioner of Social Security.  AR 5-7.

## FACTUAL BACKGROUND

Born on February 24, 1961, AR 136, plaintiff was 44 years old on the alleged onset date of disability and 49 years old at the time of the administrative hearing.  Plaintiff has an eighth grade education, AR 58, and lacked a work history, AR 61.

## LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive.  See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  "It means such evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).  "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice."  Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir.2006) (citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports

and the evidence that detracts from the [Commissioner's] conclusion." <u>Desrosiers v. Sec' y of Health and Hum. Servs.</u>, 846 F.2d 573, 576 (9th Cir.1988); see also <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir.1985).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." <u>Edlund v. Massanari</u>, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." <u>Thomas v. Barnhart</u>, 278 F.3d 947, 954 (9th Cir. 2002). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." <u>Orn v. Astrue</u>, 495 F.3d 625, 630 (9th Cir.2007); see also <u>Connett v. Barnhart</u>, 340 F.3d 871, 874 (9th Cir. 2003).

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" <u>Robbins v. Soc. Sec. Admin</u>., 466 F.3d 880, 885 (9th Cir.2006) (quoting <u>Stout v. Comm'r</u>, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005).

## ANALYSIS

Plaintiff seeks summary judgment on the grounds that: (1) the ALJ failed to credit a treating physician's opinion without legitimate reasons; (2) the ALJ failed to utilize the services of a medical expert to establish the onset of disability; (3) the ALJ failed to credit plaintiff's testimony and third party statements as to the nature and extent of her functional limitations; and (4) the ALJ failed to pose a hypothetical based on her own residual functional capacity assessment and failed to credit the vocational expert's testimony in response to the hypothetical question which plaintiff contends most accurately reflects her limitations.

The Commissioner appears to concede that the ALJ erred in not utilizing the services of a medical expert to establish the onset of disability and therefore seeks remand on that ground.

A. <u>Opinion of Treating Physician</u>

On July 16, 2010, plaintiff's treating physician, Dr. Subil Go, performed a residual

4

functional capacity ("RFC") evaluation of plaintiff.  AR 719-22.  Dr. Go noted that he had been treating plaintiff for three years, every 1-3 months, and his principal diagnosis was end stage renal failure on dialysis with a secondary diagnosis of viral hepatitis.  In assessing plaintiff's functional limitations, Dr. Go determined that plaintiff can stand/walk and sit uninterrupted for 2 hours in an 8-hour workday; is limited to 2-hour workdays; can occasionally bend and balance, but can never climb, stoop, crouch, crawl or kneel; can only lift and carry 1-5 pounds occasionally, but never any weight beyond that; and can occasionally reach, handle and finger with her hands.  Because of plaintiff's dialysis, she had environmental limitations, including limitations being around heights, moving machinery, and chemicals.  Dr. Go also determined that plaintiff would need to lie down, sleep or rest every 2-3 hours.  Dr. Go based these limitations on "blood work," "physical exam," and "exam."  He indicated his belief that plaintiff has been unable to do any type of work since January 2009.

Regarding Dr. Go's opinion concerning the onset date of plaintiff's disability, the ALJ wrote: "Treating physician, Subil Go, M.D. opined that the claimant's impairments became disabling in 2007.  While treating physician's opinions are generally given controlling weight, Dr. Go's opinion expressed is quite conclusory, providing very little explanation of the evidence relied on in forming that opinion." AR 27.  Plaintiff contends this was in error.

The opinions of treating physicians are generally given greater weight than those of other physicians because of the treating physicians' intimate knowledge of the claimant's condition.  Aukland v. Massanari, 257 F.3d 1033, 1037 (9th Cir. 2001).  In order to reject the opinion of a treating physician, the ALJ is required to show specific and legitimate reasons based on substantial evidence from the record.  Id.; see also Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).  Substantial evidence may be based in part on the testimony of a non-treating, non-examining medical advisor.  Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 602-03 (9th Cir. 1999).  However, substantial evidence may not be based on a reviewing physician's opinion alone, or on the reviewing physician's opinion and the ALJ's personal observations.  Id.  Rather, substantial evidence requires additional evidence, such as inconsistencies between the treating physicians' reports and the testimony of the claimant.  Id.  Additionally, an ALJ may properly

discount a treating physician's opinion where the treating physician relies heavily on the subjective complaints of the claimant. See id.

On review, the court finds that the ALJ's rejection of Dr. Go's opinion regarding the onset date of plaintiff's disability is based on a misreading of that opinion. That is, Dr. Go opined that plaintiff has been unable to work since January 2009, but the ALJ's opinion is based on a purported onset date in 2007. On this record, it is impossible for the undersigned to analyze the ALJ's treatment of Dr. Go's opinion. As the ALJ failed to properly consider plaintiff's treating physician's opinion regarding the onset date of his disability, this case must remanded for further proceedings.

B.  Onset Date of Disability

Both plaintiff and the Commissioner move to remand for the ALJ's failure to utilize the services of a medical expert in determining the onset date of plaintiff's disability.

Social Security Ruling ("SSR") 83–20 provides that the Commissioner must establish the onset date of disability.[1]  SSR 83–20. For onset in disabilities of a non-traumatic origin, medical records containing descriptions of examinations or treatment of the individual are basic to the determination of the onset of disability and serve as the primary element in onset determination. Id. "With slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling. Determining the proper onset date is particularly difficult, when, for example, the alleged onset and the date last worked are far in the past and adequate medical records are not available. In such cases, it will be necessary to infer the onset date from the medical and other evidence that describe the history and symptomatology of the disease process." Id.

SSR 83–20 controls how the Commissioner establishes a disability onset date. "How long the disease may be determined to have existed at a disabling level of severity depends on an

---

[1] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding precedent upon ALJs. Heckler v. Edwards, 465 U.S. 870, 873 n.3 (1984); Gatliff v. Comm'r of Soc. Sec. Admin., 172 F.3d 690, 692 n.2 (9th Cir. 1999).

1 informed judgment of the facts in the particular case. This judgment, however, must have a
2 legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the
3 services of a medical advisor when onset must be inferred."

4 The Ninth Circuit has endorsed SSR 83–20 regarding determination of date of onset. Quarles v. Barnhart, 178 F. Supp. 2d 1089, 1096 (N.D. Cal. 2001) (citing Armstrong v. Comm'r of Soc. Sec. Admin., 160 F.3d 587, 589-90 (9th Cir. 1998), Morgan v. Sullivan, 945 F.2d 1079, 1082 (9th Cir. 1991) (reversing in part an ALJ's determination of the onset date of mental disorders without the assistance of a medical expert); and DeLorme v. Sullivan, 924 F.2d 841, 848 (9th Cir. 1991). In the context of SSR 83–20, "should" means "must." Armstrong, 160 F.3d at 589-90; DeLorme, 924 F.2d at 848. Thus, failure to call on a medical expert to assist in determining the date of onset when onset is not otherwise established clearly in the record is legal error. Armstrong, 160 F.3d at 589-90; Quarles, 178 F. Supp. 2d at 1096. "[R]egardless of how careful and well-supported the ALJ's inference may be . . . [w]here the evidence is ambiguous and there are indications that the claimant's mental condition was disabling prior to the [last date insured], then a medical expert must be called." Quarles, 178 F. Supp. 2d at 1096-97; see also Morgan, 945 F.2d at 1082.

17 On review, the court also finds remand appropriate due to the ALJ's failure to utilize the services of a medical expert. The Ninth Circuit has held that an "informed inference" is not possible without the assistance of a medical expert. Armstrong, 160 F.3d at 580 ("In the event that the medical evidence is not definitive concerning the onset date and medial inferences need to be made, SSR 83–20 requires the [ALJ] to call upon the services of a medical advisor [.]"). Since a medical expert was not consulted regarding the onset of plaintiff's disability, the court finds remand appropriate.

24 Plaintiff argues in opposition to the Commissioner's motion that remand is unnecessary because the onset date is unambiguous in light of Dr. Go's opinion that plaintiff was disabled as of January 2009. Assuming that the ALJ erred in not crediting Dr. Go's opinion regarding plaintiff's onset date, it is nevertheless axiomatic that a treating physician's opinion is not automatically controlling. See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989); Batson

v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1194-96 (9th Cir. 2004).  While plaintiff cites to portions of the record in support of Dr. Go's opinion, the court finds that the record instead reveals inconsistencies regarding the debilitating nature of plaintiff's kidney disease.  In the earliest record, dated January 12, 2009, Dr. Go diagnosed plaintiff with chronic kidney disease ("CKD") Stage 4[2] without a mature fistula, hyponatremia, anemia, hypertension, and cirrhosis.  See AR 715-16.  The next record is from a February 2009 examination conducted by another doctor at the same facility.  AR 713-14.  These notes reflect an otherwise normal physical exam and indicate that plaintiff's CKD is "stable."  Plaintiff was then seen at the facility on September 14, 2009, where her kidney functioning was deemed to be "worsening," AR 711-12, but on December 21, 2009, plaintiff was again seen by Dr. Go, who noted that plaintiff "feels better," she "does not take meds," and her CKD had now improved to Stage 3, AR 707-08.  In light of the foregoing, the Commissioner's motion will be granted, and the court declines to reach the remainder of plaintiff's arguments.

   C.  Remand

   Plaintiff next asserts that this matter should be remanded for immediate payment of benefits rather than further proceedings.  A remand for further proceedings is unnecessary if the record is fully developed, and it is clear from the record that the ALJ would be required to award benefits.  Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001).  The decision whether to remand for further proceedings turns upon the likely utility of such proceedings.  Barman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000).

   In this matter, this court concludes that outstanding issues remain that must be resolved before a determination of disability prior to June 24, 2010 can be made.  Pursuant to this remand, the ALJ shall properly consider Dr. Go's opinion regarding the onset date of plaintiff's disability and develop the record in consultation with a medical expert to infer plaintiff's disability onset date.

---

[2] There are five stages of chronic kidney disease, Stages 1 through 5.  These stages are based on the kidney's functioning, with Stage 1 based on normal functioning and Stage 5, considered "End Stage," requiring dialysis or a kidney transplant in order to maintain health.  See www.davita.com/kidney-disease/overview/stages-of-kidney-disease.

CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is granted in part;

2. The Commissioner's motion to remand is granted; and

3. This matter is remanded for further proceedings consistent with this order.

DATED: December 20, 2013

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE